## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EVELYN WILLIAM and <br> WAFIK EL-DEIRY, <br>                 Plaintiffs, <br> v. <br> JERALD HYMAN and <br> SUSAN HYMAN, <br>                 Defendants. | : <br> : <br> : <br> : <br> : Case No. 2024-_____ <br> : <br> : <br> : <br> : |

## COMPLAINT

### Nature of the Action

1. This is a one-count action seeking damages and injunctive relief for the Defendants' violation of Rhode Island General Laws § 34-10-20 by maliciously and spitefully erecting a contiguous row of large trees to block Plaintiffs' view of Narragansett Bay.

### Parties and Jurisdiction

2. Plaintiffs Evelyn William and Wafik El-Deiry are citizens of Bryn Mawr, Pennsylvania. At all times pertinent to this Complaint, they were and are the owners of a single-family home located at 1 Nyatt Point Court in Barrington (the "Property").

3. Defendants Jerald Hyman and Susan Hyman are residents and citizens of Rhode Island. At all times pertinent to this Complaint, Defendants have owned and resides at the single-family home located at 4 Nyatt Point Court in Barrington.

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties to the action are completely diverse and the value of the case exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the real properties at issue are situated in Barrington, Rhode Island, and the events giving rise to this action took place in Barrington, Rhode Island.

## Background Facts

6. Plaintiffs purchased the Property in January 2019. The Property contains a two-story single-family house.

7. The Property is located along Barrington's coastline on Nyatt Point. Together with Conimicut Point in Warwick across Narragansett Bay, Nyatt Point forms the mouth of the Providence River.

8. The Property's living room features a westward-facing view overlooking Narragansett Bay and the Providence River (referred to as the "Water" or "Water View").

9. Prior to the Defendants' unlawful conduct, detailed below, the Property's Water view was unobstructed by any landscaping.

10. Defendants' property and the home that sits on it is situated between the Property and the Water, slightly off to the Property's south.

11. Defendants' home is situated such that, when Plaintiffs looked out of the Property's living room window, they could see only a portion of the north-end of Defendants' home in the left-side periphery of their line of sight.

12. In or about July 2023, Plaintiffs began renovations at the Property with all the necessary permits.

13. The renovations, when completed, would add an addition to the north side of the house on Plaintiffs' Property, running parallel to the coastline.

14. When renovations began, Defendant Jerald Hyman expressed concerns to Plaintiff Ms. William about Defendants' privacy in light of the renovations. He also sought to preclude Plaintiffs from building within 10 feet of the property line between the Property and Defendants' property.

15. Plaintiff Ms. William assured Mr. Hyman that the renovations and the forthcoming addition would actually be more than 40 feet away from the property line.

16. However, Mr. Hyman continued to express concerns about Defendants' purported privacy interests.

17. As a result, the parties mutually agreed that they would coordinate their respective landscaping efforts when the renovations were complete to accommodate Defendants' privacy interests.

18. In May 2024, shortly after the parties' agreement, Plaintiffs went to Pennsylvania for a few days. When Plaintiff Ms. William returned to the Property, she found that Defendants had erected ten (10) large trees on their property while Plaintiffs were out of town.

19. The trees are situated in a contiguous line such that one cannot see through or between them.

20. The trees are more than 10 feet tall, and some — if not all — of them, are taller than Defendants' house.

21. The contiguous line of trees run northbound, parallel to the coastline, beginning from the north end of Defendants' home and extending to a point perpendicular to the beginning of Plaintiffs' addition.

22. Simply put, the trees completely obstruct and block the Water View from Plaintiffs' living room because they are placed directly in between the Property and the Water.

23. The manner in which the trees are situated, as described above, does not serve to protect any apparent privacy interest, or any other useful purpose.

24. Instead, the circumstances that lead to the trees being erected, Defendants' hostile attitude toward Plaintiffs, and the manner in which the trees were planted, all show that Defendants planted the trees (1) out of spite based on his hostility towards Plaintiffs' renovation project, and (2) for the purpose of blocking Plaintiffs' Water view.

25. Defendants' conduct has annoyed and inconvenienced Plaintiffs, whose living room was a central feature of their home.

26. Defendants' conduct has caused Plaintiffs substantial damages including but not limited to significantly devaluing their Property.

**COUNT ONE: VIOLATION OF R.I. GEN. LAWS § 34-10-20**

27. Plaintiffs repeat paragraphs 1 – 26.

28. Rhode Island law prohibits a property owner from erecting a fence or other structure in the nature of a fence, which unnecessarily exceeds 6 feet in height, when such fence or structure is erected or maintained for the purpose of annoying the owners or occupants of adjoining property. *See* R.I.G.L. § 34-10-20.

29. Defendants erected such an unlawful fence or structure when they erected the trees to spite Plaintiffs, and thus violated Rhode Island law.

30. Plaintiffs sustained extensive damages as a result of Defendants' violation.

31. Rhode Island law permits property owners, like Plaintiffs, to maintain an action under R.I. Gen. Laws § 34-10-20 for private nuisance to recover damages, and to seek injunctive relief. *See* R.I.G.L. § 34-10-20; *Dowdell v. Bloomquist*, 847 A.2d 827 (R.I. 2004).

WHEREFORE, Plaintiffs demand (i) judgment against Defendants for injunctive relief for the removal, trimming, and/or relocation of the unlawful trees, or alternatively, (ii) judgment against Defendants for damages in an amount to be determined at trial, plus (iii) interest, costs, and attorneys' fees.

### PLAINTIFFS CLAIMS A TRIAL BY JURY

**EVELYN WILLIAM AND WAFIK EL-DEIRY**

By their Attorneys,

/s/Robert C. Corrente
Robert C. Corrente, No. 2632
Kevin W. Stone, Jr., No. 10843
**WHELAN CORRENTE & FLANDERS LLP**
100 Westminster Street – Suite 710
Providence, RI 02903
Tel. (401) 270-4500
Fax (401) 270-3760
rcorrente@whelancorrente.com
kstone@whelancorrente.com

Dated: July 23, 2024