UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EVELYN WILLIAM and WAFIK EL-DEIRY,<br>    Plaintiffs,<br><br>v.<br><br>JERALD HYMAN and SUSAN HYMAN,<br>    Defendants. | C.A. No. 1:24-CV-00288-JJM-PAS |

### ORDER

Evelyn William and Wafik El-Deiry bring this action against their neighbors, Jerald Hyman and Susan Hyman ("the Hymans"), for damages and injunctive relief arising out of the Hymans' alleged violation of Rhode Island General Laws § 34-10-20. ECF No. 1. The Hymans move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting a lack of diversity of citizenship between the parties because the Hymans, Ms. William and Dr. El-Deiry are domiciled in Rhode Island. ECF No. 7. Ms. William and Dr. El-Deiry contend that diversity jurisdiction exists because they are domiciled in Pennsylvania. ECF No. 10. For the reasons below, this Court GRANTS the Hymans' motion to dismiss for lack of subject matter jurisdiction.

Diversity jurisdiction arises when (1) there is complete diversity of citizenship between *all* plaintiffs and *all* defendants, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction purposes, a person has citizenship in the place in which she is domiciled. *Padilla-Mangual v. Pavia Hosp.*,

516 F.3d 29, 31 (1st Cir. 2008) (citing *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991)). A person's domicile is where "he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001) (quoting *Rodriguez–Diaz v. Sierra–Martinez*, 853 F.2d 1027, 1029 (1st Cir. 1988)). One can establish domicile upon showing physical presence in the state and intent to remain there indefinitely. *Garcia Perez v. Santaella*, 364 F.3d 348, 350 (1st Cir. 2004). That said, "mere residence in the state" is not enough to create a domicile. *Murphy v. Newport Waterfront Landing, Inc.*, 806 F. Supp. 322, 324 (D.R.I. 1992) (quoting *Codagnone v. Perrin*, 351 F. Supp. 1126, 1129 (D.R.I. 1972)).

Upon challenge, the party invoking diversity jurisdiction bears the burden of proving domicile by a preponderance of the evidence. *Garcia Perez*, 364 F.3d at 350 (citing *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992)). The critical time for assessing diversity of citizenship is when the plaintiff filed the suit. *Murphy*, 806 F. Supp. at 323 (citing *Topp v. CompAir Inc.*, 814 F.2d 830, 832 (1st Cir. 1987)). Courts evaluate a range of relevant factors to decide a person's intent to remain in a state, including:

> the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment.

*Padilla-Mangual*, 516 F.3d at 32 (quoting *Bank One,* 964 F.2d at 50). Though, no single factor is controlling, as deciding a person's intent for domicile purposes does not focus "simply on the number of contacts with the purported domicile, but also on

Case 1:24-cv-00288-JJM-PAS    Document 12    Filed 09/13/24    Page 3 of 5 PageID #: 50

their substantive nature." *Garcia Perez*, 364 F.3d at 351 (citing *Lundquist*, 946 F.2d at 12).

Here, Ms. William and Dr. El-Deiry have highlighted a substantial number of contacts with Pennsylvania. Pennsylvania is where the couple: (1) maintain a driver's license, (2) have their vehicles registered, (3) own a home and two parcels of land, (4) are registered to vote, (5) file their taxes, (6) link their credit card statements and other billing information, and (7) are members of a social club and organization—the Union League of Philadelphia. ECF No. 10-1 at 2; ECF No. 10-2 at 2. If the tally of contacts to Pennsylvania were solely dispositive here, Ms. William and Dr. El-Deiry would have carried their burden of proving their intent to remain in that state indefinitely. However, it is the "substantive nature" of the couple's contacts with Rhode Island that helps Ms. William carry her burden of proving she is domiciled in Pennsylvania yet prevents Dr. El-Deiry from carrying his.

The record reveals that, about five years ago, Ms. William and Dr. El-Deiry established a *physical presence* in Rhode Island when they bought and moved into a single-family home in the town of Barrington, Rhode Island. ECF No. 10-2 at 1-2; ECF No. 11-1 at 1. Yet the path diverges when deciding whether the couple intended to remain in Rhode Island indefinitely. While Ms. William admits to occasionally residing at the Barrington home, she asserts that she mainly resides in Pennsylvania because that is where she cares for her disabled daughter. ECF No. 10-1 at 1. Under these circumstances, Ms. William's mere occasional residence in Rhode Island is not enough to cast her as domiciled in the state. *Murphy*, 806 F. Supp. at 324. Rather,

3

Ms. William has shown that the Pennsylvania home is her "true, fixed home and principal establishment" that—after occasionally residing in Rhode Island—she intends to return to care for her daughter. *Valentin*, 254 F.3d at 366. Thus, she has carried her burden of proving by the preponderance of the evidence that she is domiciled in Pennsylvania.

On the other hand, Dr. El-Deiry currently maintains *full-time* employment in Rhode Island as an Associate Dean, professor, and researcher for Oncologic Sciences at the Warren Alpert Medical School at Brown University. ECF No. 10-2 at 2. By Dr. El-Deiry's own admission, he spends "not insignificant" time living in the Barrington home due to his full-time employment.[1]  *Id.*  Without evidence in the record to suggest his employment is temporary, Dr. El-Deiry has not shown that he does not intend to remain in Rhode Island indefinitely to keep such employment. *See Padilla-Mangual*, 516 F.3d at 32 (listing place of employment as a relevant factor when deciding a party's intent to remain in a state). Thus, Dr. El-Deiry does not meet his burden of proving that he is domiciled in Pennsylvania rather than Rhode Island.

Without complete diversity of citizenship between the Hymans and Ms. William and Dr. El-Deiry, this action does not satisfy the diversity jurisdiction requirements.  28 U.S.C. § 1332(a)(1).  And with no other basis for federal

---

[1] Dr. El-Deiry contends that he often travels to and resides in his Pennsylvania home.  ECF No. 10-2 at 2.  But just like Ms. William's mere occasional residence in Rhode Island is not sufficient to prove her domicile in that state, Dr. El-Deiry's mere occasional residence in Pennsylvania is not sufficient to prove his domicile in that state. *Murphy v. Newport Waterfront Landing, Inc.*, 806 F. Supp. 322, 324 (D.R.I. 1992).

4

jurisdiction, this Court lacks subject matter jurisdiction over this action. For these reasons, this Court GRANTS the Hymans' Motion to Dismiss. ECF No. 7.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*
_____
John J. McConnell, Jr.
United States District Judge

September 13, 2024